UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICKY WINGATE,

and

LASANDRA WINGATE,

    Plaintiffs,

v.              Civil No. 2:18cv167

OCWEN LOAN SERVICING, LLC,

and

EQUITY TRUSTEES, LLC,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on a Motion to Remand filed by Plaintiffs Ricky Wingate ("Mr. Wingate") and LaSandra Wingate ("Mrs. Wingate") (collectively "Plaintiffs") pursuant 28 U.S.C. § 1447(c), ECF No. 6, as well as Plaintiffs' Motion to File Out of Time and for Defendant's Motion to Dismiss to be Held in Abeyance Until the Court Determines Jurisdiction ("Motion to File Out of Time"), ECF No. 9. For the reasons stated below, Plaintiffs' Motion to Remand is **DENIED**, and Plaintiffs' Motion to File Out of Time is **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiffs are residents of Chesapeake, Virginia, and citizens of the Commonwealth of Virginia. Compl. ¶ 1, ECF No. 1-1. Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") is a limited liability company organized under the laws of Delaware and for purposes of federal diversity jurisdiction is a citizen of the U.S. Virgin Islands. See Pls.' Remand Br. 4, ECF No. 7. Defendant Equity Trustees, LLC ("Equity") is a citizen of the Commonwealth of Virginia. Id.

In September 2004, Plaintiffs entered into a mortgage loan contract to purchase property in Chesapeake, Virginia. Compl. ¶¶ 4-5. The loan was evidenced by a note and secured by a deed of trust. Id. ¶ 5. The deed of trust contains the following provision:

> *This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.*

Id. ¶ 6. The deed of trust defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders

---

[1] The facts recited here are stated in the light most favorable to Plaintiffs, the parties seeking remand. See Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 783 n.1 (E.D. Va. 2007) (citing Booth v. Furlough, Inc., 995 F. Supp. 629, 630 (E.D. Va. 1998); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) ("On a motion to remand, because the burden to prove jurisdiction rests on the party opposing remand, the facts are stated in the light most favorable to the party seeking remand.").

(that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Id. ¶ 7.

After Mr. Wingate was laid off from his job in January 2017, Plaintiffs kept current in their mortgage payments until June 2017. Id. ¶ 8-11. Mr. Wingate then contacted Ocwen to inform his lender that, despite having fallen behind in payments, he would soon be able to make a lump sum payment after the sale of his father's home. Id. ¶ 12. During this conversation, Ocwen's representative did not discuss any loss mitigation options with Mr. Wingate. Id. ¶ 13. At some point after June 2017, Ocwen informed Mr. Wingate that his property was scheduled for a foreclosure sale in March 2018. Id. ¶ 19-21. Mr. Wingate was "shocked" by this news, as he was under the impression that Ocwen was still waiting on a lump sum payment to bring the loan current. Id. ¶ 19. As of March 2018, the sale of Mr. Wingate's father's home had not yet gone through. Id. ¶ 18.

In February 2018, Plaintiffs filed suit in the Circuit Court for the City of Chesapeake. Id. With respect to Ocwen, Plaintiffs assert breach of contract, breach of the covenant of good faith and fair dealing, and violations of the Virginia Consumer Protection Act. Id. ¶¶ 22-36, 44-47. Plaintiffs claim that various provisions of the Real Estate Settlement and Procedures Act ("RESPA") are incorporated into the mortgage

3

contract so that a violation of RESPA constitutes a breach of contract. Id. ¶¶ 22-32. Plaintiffs do not, however, include a count directly asserting a violation of RESPA. With respect to Equity, Ocwen's substitute trustee, Plaintiffs state only that Equity "has not gained the authority to foreclose." Id. ¶¶ 37-43. In their prayer for relief, Plaintiffs seek an injunction to prevent Defendants from instituting foreclosure proceedings and an award of $70,000 in compensatory damages. Id. at 12.

In March 2018, Ocwen removed this case to federal court pursuant to 28 U.S.C. § 1441. Not. Removal, ECF No. 1. Importantly, Ocwen was the only defendant to consent to the removal. See id. at 9. In its notice of removal, Ocwen argues first that jurisdiction is proper based on federal question jurisdiction because Plaintiffs assert a violation of federal law under RESPA. Id. ¶¶ 11-18. Second, Ocwen claims that there is diversity jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiffs and Ocwen; (2) Equity is the trustee for the foreclosure and has been fraudulently joined; and (3) the amount in controversy exceeds $75,000.00 because Plaintiffs request equitable relief. Id. ¶¶ 19-34.

In April 2018, Plaintiffs filed their Motion to Remand. ECF No. 6. Therein, Plaintiffs make three arguments in favor of remand. First, Plaintiffs note that Ocwen failed to obtain the

4

consent to removal of Equity. See Mem. Supp. Mot. Remand 3, ECF No. 7. Because removal normally requires the unanimous consent of all defendants, Plaintiffs claim removal here is defective. Id. Second, Plaintiffs argue that diversity jurisdiction is improper because of the lack of an amount in controversy exceeding $75,000 and because there is a lack of complete diversity between the parties in that Equity and Plaintiffs are citizens of Virginia. Id. at 4. Third, Plaintiffs claim that there is no federal question jurisdiction because they claim that they are merely advancing state law theories of contract. Id. at 5-6. Lastly, in addition to claiming that removal is improper, Plaintiffs seek an award of attorney's fees and costs related to the improper removal pursuant to 28 U.S.C. § 1447(c). Mem. Supp. Mot. Remand 7.

On April 3, 2018, Ocwen filed its Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), ECF No. 6. Ocwen then filed its opposition to the Motion to Remand on April 18, 2018. ECF No. 8. On April 19, 2018, Plaintiffs filed their Motion to File Out of Time, ECF No. 9, and on April 26, 2018, Ocwen filed its opposition to the Motion to File Out of Time, ECF No. 13. Having been fully briefed, the instant motions are ripe for review.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject

matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)). They may exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." Id. (citing Bowles v. Russell, 551 U.S. 205 (2007)). District courts have diversity jurisdiction in civil actions between "citizens of different states" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If a case based on diversity jurisdiction is not initially filed in federal court, a court may exercise jurisdiction over the case upon proper removal to federal court. 28 U.S.C. §§ 1441, 1446. District courts have federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

### A. The Rule of Unanimity

Section 1441 of Title 28, United States Code, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Further, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." The Supreme Court has construed this "to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'" Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)); see also Charles Alan Wright & Arthur R. Miller, 14C Federal Practice and Procedure § 3730 (4th ed. 2013 and Supp. 2017) [hereinafter "Wright & Miller"]. The Fourth Circuit has stated that "the rule of unanimity is consistent with our obligation 'to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'" Hartford Fire, 736 F.3d at 741 (citations omitted). "The rule of unanimity helps to effectuate Congress's intent in limiting removal to prevent it from being used too broadly or casually." Id.

While ordinarily the rule of unanimity must be satisfied to properly remove a case, federal courts have "long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal." Hartford Fire, 736 F.3d at

7

259; see also 14C Wright & Miller, supra, § 3730. A nominal party is one "having no immediately apparent stake in the litigation either prior or subsequent to the act of removal . . . the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Hartford Fire, 736 F.3d at 260. The party seeking removal has the burden of proving that the non-consenting defendant is merely nominal. See Creed v. Virginia, 596 F. Supp. 2d 930, 934 (E.D. Va. 2009).

### B. Fraudulent Joinder

In a related but not identical doctrine to that for nominal parties, parties that are "fraudulently joined" are to be disregarded, and only "real parties to the controversy" are relevant. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). As one court put it, "[t]he term 'fraudulent joinder' is, in many ways, a misnomer, as it requires neither fraud nor joinder." Trigo v. Travelers Commercial Ins. Co., No. 3:10cv28, 2010 WL 3521759, at *3 (W.D. Va. Sept. 7, 2010). It is more accurately characterized as "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990).

To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either "[t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Baltimore Cty. v. Cigna Healthcare, 238 F. App'x 914, 920 (4th Cir. 2007) (quoting Mayes, 198 F.3d at 464) (emphasis in original). A defendant seeking removal of a state court action to federal court bears the heavy burden of establishing that a nondiverse defendant has been fraudulently joined. Id.

### III. DISCUSSION

Plaintiffs argue that this case must be remanded to state court because (1) Ocwen failed to obtain the consent to removal of all Defendants; (2) neither the amount-in-controversy or complete diversity requirements of diversity jurisdiction have been met; and (3) there is no federal question jurisdiction. The Court addresses each argument in turn.

#### A. Whether Equity is a Nominal or Fraudulently Joined Party

Turning first to whether Ocwen's notice of removal was proper, the relevant inquiry is whether Equity's consent was not required because it was a nominal party. The Fourth Circuit has not precisely defined the test for determining when a party

9

is merely nominal, but courts in this district have treated this inquiry as identical to that used for assessing fraudulent joinder. See Sherman v. Litton Loan Servicing, L.P., 796 F. Supp. 2d 753, 761 (E.D. Va. 2011); Payne v. Bank of Am., N.A., No. 3:09-cv-80, 2010 WL 546770, at *4 (W.D. Va. Feb. 11, 2010). Because Ocwen does not allege outright fraud in Plaintiffs' pleading of jurisdictional facts, the test for whether Equity is a nominal party is whether there is "no possibility" that Plaintiffs can establish a cause of action against it. The "no possibility" standard is not to be taken "literally," nor is it to be applied "mechanically." Linnin v. Michielsens, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005). Instead, "a defendant is fraudulently joined if there is no 'reasonable basis for predicting that state law might impose liability on the facts involved.'" Boss v. Nissan N. Am., Inc., 228 F. App'x 331, 335 (4th Cir. 2007) (per curiam) (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

Plaintiffs suggest that they could bring a cause of action against Equity to prevent the foreclosure sale on a "lack of authority to foreclose" theory. See Pls.' Remand Br. 4, ECF No. 7; Compl. ¶¶ 37-43. Because Ocwen has purportedly failed to fulfill all conditions precedent to exercising its right to foreclose Plaintiffs' property, Plaintiffs posit that Equity

lacks authority as the substitute trustee to execute the foreclosure. See Pls.' Remand Br. 4. Plaintiffs fail to cite any authority supporting their position that there is a possibility of establishing a cause of action against a substitute trustee when the scheduled foreclosure has not gone forward. The sole case that Plaintiffs rely on, Payne, 2010 WL 546770, is inapposite because it involved detailed factual allegations of wrongdoing against the substitute trustee, which are absent here, and it featured a claim brought against a substitute trustee after the allegedly wrongful foreclosure had occurred, not before.

Plaintiffs also vaguely hint that Equity might be liable under some other unspecified theory of liability. They state that "Equity is aware of Defendant Ocwen's errors," and that "[f]ailure to act with notice of the breach makes Defendant Equity implicit in such breach." Id. at 5. Plaintiffs' theory for how Equity might be liable because of its knowledge of Ocwen's errors is less than clear. Plaintiffs again fail to cite any authority in support of this alternative theory.

In evaluating whether a cause of action has any possibility of being established against a substitute trustee, courts have looked to "the nature of the actions allegedly taken by the trustee, if any, and the type of relief sought against the trustee, if any." Sherman v. Litton Loan Servicing, L.P., 796

F. Supp. 2d 753, 760 (E.D. Va. 2011) (collecting cases). Courts in this district have time and again held in analogous circumstances that a substitute trustee is not a real party in interest, but is either fraudulently joined or, at best, a nominal defendant. See, e.g., Correll v. Bank of Am., N.A., No. 2:11-cv-477, 2012 U.S. Dist. LEXIS 12960, at *16-17 (E.D. Va. Feb. 2, 2012) (holding that substitute trustee was a nominal party and disregarding trustee's citizenship for purposes of diversity jurisdiction analysis); Sheppard v. BAC Home Loans Servicing, LP, No. 3:11-cv-00062, 2012 U.S. Dist. LEXIS 7654, at *14 (E.D. Va. Jan. 24, 2012) (finding no reasonable basis for plaintiff to prevail against substitute trustee and thus disregarding trustee's citizenship and dismissing trustee as a litigant); Sherman, 796 F. Supp. 2d at 760 (finding substitute trustee was improperly joined). In addition, courts in similar cases have categorically rejected claims that a cause of action may be established under either "lack of authority to foreclose" or "wrongful foreclosure" theories. See, e.g., Hien Pham v. Bank of New York, 856 F. Supp. 2d 804, 810-11 (E.D. Va. 2012) (noting that there was not a "glimmer of hope" for plaintiffs to establish a cause of action against a substitute trustee under a "show me the noteholder's authority" theory of liability; also noting that "Virginia does not recognize a cause of action for wrongful foreclosure"); see also Young v. CitiMortgage, Inc.,

No. 5:12-cv-79, 2013 WL 3336750, at *12 (W.D. Va. July 2, 2013) (stating that "Virginia law does not recognize a cause of action for 'wrongful foreclosure'").

In view of the above, a review of the Complaint reveals that Equity has no real interest in this matter and is merely nominal. Plaintiffs have alleged no wrongdoing by Equity. Moreover, because the scheduled foreclosure sale did not occur due to Plaintiffs' filing of the instant matter in state court, Plaintiffs have no plausible basis to bring any cause of action against Equity. Plaintiffs have also not requested any relief that only Equity can provide. The Court thus finds that Equity has been fraudulently joined and that, for purposes of the notice of removal, Equity is a nominal party. The Court therefore **DENIES** Plaintiffs' Motion to Remand on the ground that the notice of removal was improper because Ocwen failed to obtain the consent of all defendants to removal. The Court also **DISMISSES** Equity from this case *sua sponte*, as the Court has an obligation to examine its jurisdiction and it has no jurisdiction over claims involving nondiverse parties where a party has been fraudulently joined. Because the Court has no jurisdiction over Plaintiffs' claims against Equity, these claims are dismissed without prejudice.

## B. Whether the Amount-in-Controversy Requirement Has Been Satisfied

Having determined that the notice of removal was proper and that Equity was fraudulently joined, the Court now turns to Plaintiffs' arguments regarding diversity jurisdiction. The Court notes at the outset that there is no dispute that, after disregarding Equity's citizenship, the remaining parties are completely diverse. See Pls.' Remand Br. 4, ECF No. 7 ("Plaintiffs are residents of Virginia. Defendant Ocwen is a citizen of the U.S. Virgin Islands."). The only remaining issue is whether the amount in controversy exceeds $75,000.

In the Complaint, Plaintiffs seeks only $70,000 in compensatory damages. Compl. 12, ECF No. 1-1. Because this amount does not meet the jurisdictional minimum, Plaintiffs contend that diversity jurisdiction cannot be established. Pls.' Remand Br. 4-5. Defendant responds by noting that, because Plaintiffs have requested injunctive relief, the amount in controversy should be the value of the property at issue. Def.'s Remand Br. 8, ECF No. 8. Defendant has submitted documentation showing that the property is valued at $218,600 for purposes of real estate tax assessment by the City of Chesapeake, Virginia. See Tax Assessment Information Sheet, ECF No. 1-3.

Under Virginia law, "[i]n lawsuits 'seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object to the litigation." Monton v. America's Servicing Co., No. 2:11-cv-678, 2012 U.S. Dist. LEXIS 117259, at *10 (E.D. Va. Aug 12, 2012) (citation omitted). "In suits involving claims to real property, the amount in controversy is the value of the real property, not simply the amount of damages the plaintiff seeks." Id. at *12 (noting that the fact that the present value of the plaintiffs' real property exceeded $75,000 "by itself, appears sufficient to demonstrate that the amount in controversy is exceeded in this case"); see also Harrell v. Caliber Home Loans, Inc., 995 F. Supp. 2d 548, 550-51 (E.D. Va. 2014); Sherman, 796 F. Supp. 2d at 766 (finding the amount in controversy was met based on "the manifest fact that the value of the Property exceeds $75,000").

Ocwen has provided documentation showing that the value of the property exceeds $75,000. The value of the object of the litigation is thus greater than the minimum needed to establish diversity jurisdiction, and the requirements for diversity jurisdiction have been met. Because the Court finds that it has subject matter jurisdiction over this case under 28 U.S.C. § 1332, the Court declines to reach the largely academic question

15

of whether it would also have jurisdiction because of the existence of a federal question under 28 U.S.C. § 1331.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Remand, finding that the notice of removal was proper and that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. ECF No. 6. The Court also **DISMISSES** Equity from this action because it is a merely nominal party that has been fraudulently joined. Plaintiffs' claims against Equity are dismissed without prejudice. With respect to Plaintiffs' Motion to File Out of Time, the Court **GRANTS** Plaintiffs' request for an extension to file a response to Defendant's Motion to Dismiss. ECF No. 9. Plaintiffs have two weeks after the entry of this Opinion and Order to file their response. Plaintiffs' remaining request for a stay of the matter until the Court rules on subject matter jurisdiction is **DENIED AS MOOT**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 6, 2018